**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RUSSELL A. HEBERT,
              Appellant,

          v.

DEPARTMENT OF THE AIR FORCE,
              Agency.

DOCKET NUMBER
DA-1221-19-0218-W-1

DATE: May 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Russell A. Hebert, Charleston, South Carolina, pro se.

Casey Keppler, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his request for corrective action in an individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

For the first time on review, the appellant argues that his IRA appeal was timely filed because the Board was closed during a furlough, which prevented him from "entering [his] case." Petition for Review (PFR) File, Tab 1 at 3-5. He also contends that he has been denied the opportunity to have his case heard and argues the merits of his IRA appeal. *Id*. at 3-18. The Board generally will not consider evidence or argument submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed, despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). The appellant alleges that he previously raised his argument that his IRA appeal was timely, but the record does not reflect that he raised this argument below. PFR File, Tab 1 at 4.

Even if we were to consider the appellant's argument regarding timeliness, we nevertheless find that his appeal was untimely filed. Under 5 U.S.C. § 1214(a)(3)(A), an appellant may file an IRA appeal with the Board once the Office of Special Counsel (OSC) closes its investigation into his complaint and no more than 60 days have elapsed since notification of the closure was provided to him. *Heimberger v. Department of Commerce,* 121 M.S.P.R. 10, ¶ 6 (2014). Under the Board's regulations at 5 C.F.R. § 1209.5(a)(1) implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the

date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. *Id*. The Board cannot waive the statutory time limit for filing an IRA appeal for good cause shown because there is no statutory mechanism for doing so. *Id*., ¶ 9. However, the Board may invoke the doctrine of equitable tolling to suspend the filing period for equitable reasons, such as when the appellant has been induced or tricked by his adversary's misconduct in allowing the deadline to pass or filed a defective pleading during the statutory period. *Id*., ¶ 10; 5 C.F.R. § 1209.5(b). The Board only applies this remedy in unusual circumstances and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Heimberger*, 121 M.S.P.R. 10, ¶ 10; 5 C.F.R. § 1209.5(b).

In arguing that his appeal was timely, the appellant appears to allege that the Government shutdown that affected the Board prevented him from filing his IRA appeal. PFR File, Tab 1 at 3-4. At midnight on December 22, 2018, the Board ceased all operations due to a partial government shutdown. Press Release, U.S. Merit Systems Protection Board, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During _a_Partial_Government_Shutdown_1580906.pdf (last visited May 28, 2024). The Board issued a press release that notified the public that all filing and processing deadlines would be extended by the number of calendar days that the Board was shut down. *Id*. On January 26, 2019, the Board resumed operations after being shut down for 35 days.

OSC issued its close-out letter on December 18, 2018, thus the appellant's deadline to file an IRA appeal was February 21, 2019. Initial Appeal File (IAF), Tab 1 at 127-29; *see* 5 U.S.C. § 1214(a)(3)(A); 5 C.F.R. § 1209.5(a)(1). He filed his IRA appeal on March 17, 2019, twenty-four days after the time period to file an appeal had ended. IAF, Tab 1. Although the 35-day shutdown occurred

during the 65-day time period in which the appellant was required to file his IRA appeal, his deadline to file an appeal ended well after the shutdown concluded. Following the Board's resumption of operations on January 26, 2019, the appellant still had 26 days to file an IRA appeal that would be considered timely. The appellant fails to explain why he could not have filed his IRA appeal by the statutorily-imposed deadline. We do not find that the appellant has demonstrated that unusual circumstances exist that warrant the tolling of the statutory time limit to file an IRA appeal, thus we affirm the administrative judge's dismissal of his IRA appeal as untimely filed.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Washington, D.C.

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board